**IN THE UNITED STATES DISTRICT COURT
FOR SOUTH CAROLINA FLORENCE DIVISION
IN ADMIRALTY**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF     ) | |
| JET HOLDINGS, LLC, AS OWNER OF THE    ) | |
| 2024 STARCRAFT SVX 191, HULL          ) | |
| IDENTIFICATION NUMBER (HIN)           ) | CIVIL ACTION NO: |
| STR87040F324, FOR EXONERATION         ) | _____ |
| FROM OR LIMITATION OF LIABILITY       ) | |

**VERIFIED COMPLAINT**

COMES NOW, JET HOLDINGS, LLC ("Jet Holdings"), as Plaintiff, and by and through its undersigned counsel of record, herewith shows this Honorable Court as follows:

1.

This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Fed.R.Civ.P.

2.

Jet Holdings is a South Carolina Limited Liability Company with its principal place of business at 10140 Hilton Sound Dr., Chapin, South Carolina 29036.

3.

Venue is appropriate for this proceeding pursuant to Rule F (9) of the Supplemental Rules for Admiralty or Maritime Claims of the Fed. R. Civ. P. At all times relevant hereto, the Vessel is, and remains, within the jurisdiction and venue of this Honorable Court.

1

4.

At all times hereinafter mentioned, Jet Holdings LLC was the owner of the motor vessel 2024 Starcraft SVX 191 bearing hull identification number STR87040F324 (the "Vessel").

5.

The Vessel is a sport boat with a length of 18 feet, and it is registered in South Carolina.

6.

Jet Holdings provides vessels to its members for use in recreational boating in the Myrtle Beach area. At all times hereinafter, Jet Holdings provided the Vessel to its member Joseph Lucas for recreational use in the Myrtle Beach area on May 1, 2025.

7.

On or about May 1, 2025, Lucas was operating the Vessel, with passenger Courtney Lee Garamash, heading south on the Intracoastal Waterway at approximately 41 miles per hour, when the Vessel made contact with a floating dock and another vessel located above the water on a boat lift, at or around 846 Waterton Ave., Myrtle Beach, South Carolina 29579.

8.

This collision caused bodily injury to both Mr. Lucas and his passenger, Courtney Garamash. It also caused property damage to Daniel McCarthy, the owner of the impacted dock and damaged parked vessel.

9.

Prior to the casualty described above, Plaintiff exercised due diligence to make the Vessel seaworthy and maintain it in all respects, and the Vessel was in fact tight, staunch, strong, properly manned, equipped, and supplied, in all respects seaworthy, and fit and proper for the service in which she was engaged at the commencement of her voyage.

10.

The incident, and any and all damages, injuries, and losses resulting therefrom, were not caused or contributed to, or due to any fault, design or neglect or want of care on the part of Plaintiff, the Vessel or those in charge of her, or any person or persons for whom Plaintiff is responsible, or by any failure of Plaintiff to exercise due diligence to make the Vessel seaworthy.

11.

In the alternative, the incident and any and all damages, injuries, or losses resulting therefrom were occasioned and occurred as a result of some excusable cause, including but not limited to peril or accident of the sea, act of God, or a latent defect, warranting exoneration from liability and/or fault on the part of the Vessel.

12.

The incident and any and all damages, injuries, or losses resulting therefrom were occasioned and incurred without the privity or knowledge, at or prior to the commencement of the voyage upon which the Vessel was engaged, of Plaintiff's officers, directors, or anyone whose privity or knowledge is imputable to Plaintiff.

13.

As a result of the incident and related events, Plaintiff has been advised of claims arising out of the casualty described above.

14.

Plaintiff does not know the total amount of the claims that may be made for loss, damage, injury, or destruction growing out of the accident described above, but the claims and suits that may be asserted exceed the total sum or sums for which Plaintiff may be legally responsible or may be required to pay under the applicable statutes covering exoneration from or limitation of liability for Vessel owners.

15.

Plaintiff maintains that its interest in the value of the Vessel at the termination of the voyage and pending freight did not exceed the sum of Seventeen Thousand Five Hundred Eighteen and 96/100 dollars ($17,518.96.00) (See Dec. of David Scott, ¶¶ 2-3) (Attached hereto as **Ex. "A"**).

16.

Subject to an express reservation of rights, Plaintiff offers an ad interim stipulation of value in the amount of Seventeen Thousand Five Hundred Eighteen and 96/100 dollars ($17,518.96.00), plus interest at 6% per annum, which value is expected to be substantially less than the amount which will be claimed for any losses or damages arising by reason of the casualty set forth above.

17.

This Complaint is filed within six (6) months after Plaintiff received the first written notice of any claim from any claimant.

18.

Plaintiff claims exoneration from liability for any and all losses sustained during the voyage and from any and all claims for damages that have been or may hereinafter be made, and Plaintiff alleges that it has a valid defense on the facts and on the law.

19.

Plaintiff further claims the benefits of the Limitation of Liability Act provided by 46 U.S.C. § 30523, *et seq.*, and the various supplementary statutes thereto. To that end, Plaintiff is ready and willing to give a stipulation with sufficient surety for the payment into the Court for the value of their interest in the Vessel and her pending freight, as provided for by Rule (F) of the Supplemental Rules for certain admiralty and maritime claims of the Fed. R. Civ. P.

WHEREFORE, Plaintiff prays:

(a) That this Court issue notice to all persons asserting any claims by reason of any loss, injuries, expenses, or damages occasioned or incurred by reason of the casualty described above, admonishing them to file their claims with the Clerk of this Court and to serve on the attorneys for the Plaintiff a copy thereof on or before a date to be named in the notice;

(b) That this Court issue an injunction restraining the commencement or prosecution against the Plaintiff or against the Vessel, of any and all actions or legal proceedings which have arisen or may arise out of the casualty, except in the instant case;

(c) That this Court exonerate the Plaintiff or, alternative, adjudge that the Plaintiff's liability be limited to the value of Plaintiff's interest in the Vessel after the casualty;

(d) That Plaintiff be granted such other and further relief as the justice of the case may require.

This 25th day of September, 2025

**BOUHAN FALLIGANT LLP**

/s/ John D. Northup, III
JOHN D. NORTHUP, III
South Carolina Bar No: 102791
TODD M. BAIAD
Georgia Bar No: 031605 (Pro Hac Vice Application Forthcoming)
*Attorneys for Plaintiff*

One West Park Avenue (physical; 31401)
Post Office Box 2139 (mailing)
Savannah, Georgia 31402-2139
Telephone: (912) 232-7000
Facsimile: (912) 233-0811
jdnorthup@bouhan.com
tmbaiad@bouhan.com

6